McGREGOR W. SCOTT
United States Attorney
ROBERT TICE-RASKIN
COURTNEY J. LINN
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>     v.<br><br>MOHAMMED OMAR ZIYARMAL,<br>SHAMSHAD ZIYARMAL,<br><br>            Defendants. | 2:04-CR-0393 LKK<br><br>STIPULATION AND ORDER RE: CORRECTING SENTENCE TO INCLUDE IMPOSITION OF PERSONAL FORFEITURE MONEY JUDGMENT |

The United States of America, by and through its counsel, and defendants Mohammed Omar Ziyarmal and Shamsahd Ziyarmal, by and through their respective counsel, hereby stipulate as follows:

STIPULATION

1. As part of their guilty pleas the defendants agreed to the forfeiture of certain property. See Plea Agreement as to Defendant Mohammed Omar Ziyarmal filed February 17, 2005 at 3:16-5:28 & Plea Agreement as to defendant Shamshad Ziyarmal filed February 17, 2005 at 3:15-6:2. To give effect to this term of the plea agreement, the parties entered a Stipulation For Money Judgment Against Mohammed Omar Ziymaral and Shamshad Ziyarmal. See Stipulation and Order filed concurrently herewith. By error,

this stipulation was not filed with the Court prior to sentencing, and thus was not included in the Court's pronouncement of sentencing as to either defendant.

 2. Criminal forfeiture is a mandatory component of a defendant's sentence. See United States v. Johnson, 199 F.3d 1015, 1022 (9th Cir. 1999). Rule 32.2(b)(3) provides that the order of forfeiture "shall be made part of the sentence and included in the judgment."

 3. Pursuant to Fed. R. Crim. P. 35(a), the Court may correct a sentence that resulted from arithmetical, technical, or other clear error. The failure to include forfeiture in the sentence is clear error that the Court may correct under Rule 35(a). See United States v. Murillo, 709 F.2d 1298, 1300 (9th Cir. 1983) (failure to include forfeiture was sentencing error that the district court could remedy under Rule 35(a)). Accordingly, the parties stipulate that the failure to include the forfeiture money judgment (See Stipulation and Order filed concurrently herewith) was clear error that the Court may correct pursuant to Rule 35(a), and may do so without the presence of the defendants at a resentencing. See Fed. R. Crim. P. 43(b)(4). The defendants waive any defect in the sentence as the result of

such omission, and waive any right to take any appeal based on such omission.

IT IS SO STIPULATED.

DATED: 11/14/05                           McGREGOR W. SCOTT
                                          United States Attorney


                                          /s/ Courtney J. Linn
                                          ROBERT TICE-RASKIN
                                          COURTNEY J. LINN
                                          Assistant U.S. Attorneys


DATED: 11/10/05                           /s/ Mark Reichel
                                          MARK REICHEL
                                          Counsel for Mohammed Omar
                                          Ziyarmal


DATED: 11-11-05                           /s/ Jan Karowsky
                                          JAN KAROWSKY
                                          Counsel for Shamshad Ziyarmal
                                          (Original signatures retained
                                          by attorney)

## ORDER

Based on the stipulation of the parties, and pursuant to Fed. R. Crim. P. 35(a), the Court hereby amends Mohammed Omar Ziymaral's sentence imposed on November 8, 2005, and amends Shamshad Ziyarmal's sentence imposed on November 8, 2005, to include a personal forfeiture money judgment as to each defendant in the amount and form set forth in the Stipulation and Order entered concurrently with this Order.

IT IS SO ORDERED.

DATED: November 15, 2005                  /s/Lawrence K. Karlton
                                          HONORABLE LAWRENCE K. KARLTON
                                          UNITED STATES DISTRICT JUDGE

3